IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

EARNEST J. FILES, JR.,           )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    CASE NO. 3:17-CV-501-WKW
                                 )    [WO]
CLAYTON KIM TURNER, et al.,      )
                                 )
    Defendants.                  )

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Earnest J. Files, Jr., an inmate confined in the Talladega County Jail and frequent federal litigant, initiated this 42 U.S.C. § 1983 action on July 18, 2017.[1] In the instant complaint, Files challenges the validity of an arrest warrant obtained on April 13, 2010, the constitutionality of an indictment issued against him by a Tallapoosa County grand jury on August 13, 2010, and the constitutionality of arrests which occurred on April 13, 2011 and December 3, 2011.

However, Files did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the jail's inmate account clerk. Thus, the court did not have the information necessary to determine whether Files should be allowed to proceed *in forma pauperis* in this case and, therefore, entered an order

---

[1] Although the court received the complaint on July 26, 2017, Files executed the complaint on July 18, 2017, Doc. 1 at 13, and this is the earliest date he could have placed the complaint in the jail's mail system. Thus, the court considers July 18, 2017 to be the date of filing. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988) (holding that a pro se inmate's complaint is deemed to have been filed on the date it is delivered to prison officials for mailing).

requiring Files to provide the court with this information on or before August 16, 2017. Doc. 3 at 1–2. The court specifically cautioned Files that his failure to comply with this order would result in a recommendation that this case be dismissed. Doc. 3 at 2.

As of the present date, Files has filed nothing in response to the aforementioned order. Consequently, the court concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The court has considered whether a lesser sanction will suffice, but concludes that Files' inaction in a case at this early stage of the proceedings indicates an abandonment of these claims such that another sanction would not be appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file the requisite fees or provide the court with necessary financial information in compliance with an order of this court.

Plaintiff may file objections to the Recommendation on or before **September 8, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive

the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of August, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE